# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARATHON PETROLEUM COMPANY LP; TESORO REFINING & MARKETING COMPANY LLC; and TREASURE FRANCHISE COMPANY LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>HIGHLAND CARGO INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 24-cv-0298-BAS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME TO EFFECT SERVICE AND FOR LEAVE TO SERVE BY PUBLICATION**<br>**(ECF No. 13)** |

Presently Before the Court is Marathon Petroleum Company LP, Tesoro Refining & Marketing Company LLC, and Treasure Franchise Company LLC's (collectively, "Plaintiffs") Motion to Extend Time to Effect Service and for Leave to Serve by Publication. (ECF No. 13.) The Court finds this matter suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion.

## I. Background

Plaintiffs filed their Complaint on February 14, 2024. (ECF No. 1.) Prior to serving Defendant Highland Cargo, Inc., Plaintiffs filed a First Amended Complaint on March 6, 2024. (ECF No. 6.) That same day, the Clerk issued an Amended Summons. (ECF No. 7.)

Service of the First Amended Complaint and Amended Summons was due on June 4, 2024. Fed. R. Civ. P. 4(m). That deadline came and went without Plaintiffs filing proof of service with the Court. Hence, on June 10, 2024, this Court issued an Order to Show Cause ("OSC") regarding Plaintiffs' failure to serve Defendant. (ECF No. 8.) Plaintiffs timely responded to the OSC and requested additional time to effect service of process. (ECF Nos. 10, 11.) The Court found additional time was appropriate and extended the deadline for service until June 28, 2024. (ECF No. 12.) The Court also noted that "to the extent Plaintiffs may seek to serve [Defendant] through alternative means in the future, they must first receive leave of the Court." (*Id.*) Plaintiffs now seek the Court's leave to serve Defendant by publication and request another extension of the service deadline. (Mot.)

## II. Analysis

### A. Extension of Time

Plaintiffs first seek additional time to effect service upon Defendant. (Mot. 3:21–5:6.) The Court set forth the framework for this request in its Order Granting Motion to Extend Time to Serve First Amended Complaint. (ECF No. 12 at 2:7–2:24.)

Applying those same rules here, the Court finds an extension of time is appropriate. The good cause standard applies to Plaintiffs' request. They submit that good cause exists because service has proven to be impracticable. The Court agrees. Defendant is a California Corporation, and its registered agent is Mandeep Singh. (Mot. 1:7.) Singh is also Defendant's "president, principal, and acting agent." (First Am. Compl. ¶ 5.) Thus, Plaintiffs have repeatedly attempted to effect service upon Singh, including through undertaking additional efforts since the Court's prior order. (Mot. 1:7–23.) The Court

further delves into Plaintiffs' efforts below to address their request for service by publication. It is enough to say here, however, that these efforts also demonstrate good cause for a further extension of time to effect service. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule 4(m)."). Consequently, the Court grants Plaintiffs' request for an extension of time and will extend the service deadline until September 30, 2024.

### B. Service by Publication

Plaintiffs seek leave under Federal Rule of Civil Procedure 4(e) to serve Defendant by publication under California law. (Mot. 5:8–6:23.) Rule 4(e)(1) authorizes service of process as permitted by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in" Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a). In addition, the plaintiffs must demonstrate that "[a] cause of action exists against the party upon whom service is to be made." *Id.* § 415.50(a)(1).

#### 1. Reasonable Diligence

In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require [the plaintiff] to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995).

Plaintiffs' counsel submits a declaration detailing the extensive efforts undertaken to serve Defendant through its registered agent—Singh. (Perez Decl., ECF No. 13-1.) These efforts include ten attempts to personally serve Singh. (*Id.* ¶¶ 3–5, Exs. 1–2.) In addition, Plaintiffs attempted service via certified mail, return receipt requested, which was unsuccessful. (*Id.* ¶¶ 7–8, Exs. 1–2.) When these efforts failed, "Plaintiffs engaged two separate investigation services to ascertain the location and whereabouts of Mandeep Singh." (*Id.* ¶ 9.) These investigation services submit declarations attesting to their efforts to track down Singh, including by visiting various addresses associated with Singh and following up on any leads the investigators uncovered. (*Id.* ¶ 9, Exs. 6–7.) Given the foregoing, Plaintiffs argue "Singh is undoubtedly evading service." (Mot. 10–11.)

In light of these extensive efforts, the Court finds Plaintiffs satisfy the reasonable diligence requirement here. *See Rios v. Singh*, 65 Cal. App. 5th 871, 880 (2021) ("A number of honest attempts to learn the defendant's whereabouts through inquiry and investigation generally are sufficient.").

## 2. A Claim Exists Against Defendant

As mentioned, in addition to a showing of diligence, California law requires a party seeking service by publication to show that "[a] cause of action exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a)(1). In other words, state law requires "that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested." *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 302 (S.D. Cal. 2020) (citation omitted); *see also Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977) (rejecting service by publication where attorney's affidavit was "devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against defendants").

Plaintiffs do not satisfy this second requirement. The declarations included with their Motion address the reasonable diligence requirement, but not the existence of Plaintiffs' claims against Defendant. Plaintiffs must provide independent evidentiary

support, such as a declaration from a witness with personal knowledge, to support the existence of their claims against Defendant. *See Indian Hills*, 337 F.R.D. at 302; *Harris*, 68 Cal. App. 3d at 726. Further, the Court reminds Plaintiffs that their counsel typically does not have personal knowledge of the facts underlying the dispute. *See, e.g.*, *Spice Jazz LLC v. Youngevity Int'l, Inc.*, No. 19-CV-583-BAS-WVG, 2020 WL 70970, at *2 (S.D. Cal. Jan. 6, 2020) (denying request for service by publication where only counsel attested that the allegations in the complaint had evidentiary support).

In short, because Plaintiffs do not demonstrate the existence of any claim against Defendant, the Court denies without prejudice their request for service by publication.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Extend Time to Effect Service and for Leave to Serve by Publication. (ECF No. 13). The Court **GRANTS** Plaintiffs' request for an extension of time. Service upon Defendant must be completed no later than **September 30, 2024**.

The Court **DENIES WITHOUT PREJUDICE** the request for service by publication. Plaintiffs have met the reasonable diligence requirement for this form of service under California state law, but they have not demonstrated the existence of any claim against Defendant. Hence, if Plaintiffs wish to proceed with service by publication, they must file a renewed motion with the necessary evidentiary support no later than **July 17, 2024**.

IT IS SO ORDERED.

DATED: July 3, 2024

Hon. Cynthia Bashant
United States District Judge